NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LUIS HUMBERTO PEREZ SOTO, *Appellant.*

No. 1 CA-CR 24-0296

FILED 03-19-2026

Appeal from the Superior Court in Maricopa County
No.  CR2021-138578-001
The Honorable Bruce R. Cohen, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Ortega & Ortega, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge D. Steven Williams and Judge Cynthia J. Bailey joined.

---

**K I L E Y**, Judge:

**¶1**      A jury convicted Luis Humberto Perez Soto of manslaughter and he was sentenced to prison. This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Soto's counsel has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Soto was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, we affirm Soto's convictions and sentences.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**      We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Soto. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**      In the early evening of October 9, 2021, Soto was in his apartment with several friends when they stepped outside and became engaged in conversation with Soto's neighbor and the neighbor's friend, K.G.V. An argument began that quickly escalated. When the confrontation became physical, K.G.V. ran away and Soto, who was holding a knife, ran after him. Two of Soto's companions ran after K.G.V., too. A few minutes later, Soto and his companions returned to the apartment.

**¶4**      Soto's neighbor ran in the direction K.G.V. had fled, and discovered him on the ground with several stab wounds. He called for help, and someone called 911. Police responded to the scene. Some officers attempted to render aid to the victim while others interviewed witnesses at the scene. Several witnesses described how Soto and two companions had chased K.G.V. and indicated that they had returned and gone into Soto's apartment. Officers went to Soto's apartment. Seeing blood on the ground outside, and unsure if someone in the apartment was injured, the officers opened the unlocked door and entered the apartment to conduct a welfare check. While in the apartment, they saw a bloody knife in the bathroom sink.

¶5          The next day, an officer interviewed Soto. After being informed of his *Miranda* rights[1] and agreeing to speak with the officer, Soto admitted that he got into a "physical fight" with K.G.V. and stabbed him, adding that he was "extremely intoxicated when it occurred."

¶6          Soto was arrested and charged with second-degree murder. At trial, the State presented the testimony of eyewitnesses to the confrontation, law enforcement officers who responded to the scene, the investigating detective, and criminalists who analyzed the physical evidence. Soto did not present any evidence.

¶7          The jury found Soto guilty of second-degree murder, but also found that his actions were "the result of sudden quarrel or heat of passion" reducing the conviction to manslaughter. The jury also found the State had proven several aggravating factors under A.R.S. § 13-701(D), and that the crime was dangerous under A.R.S. § 13-105(13). Soto was later sentenced to 15 years in prison.

¶8          Soto timely appealed, and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶9          We review Soto's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Soto at all stages of the proceedings, and the sentence imposed was statutorily authorized.

¶10          Upon the filing of this decision, defense counsel shall inform Soto of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Soto shall have thirty days from the date of this decision to proceed, if he desires, with a motion for reconsideration or petition for review filed *in propria persona*.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## CONCLUSION

¶11      For the foregoing reasons, we affirm Soto's conviction and sentence.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:      TM